**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:
**LUIS ANGEL POGGI FUENTES &**
**MIGDALIA MILIAN SANTIAGO**
Debtor(s)

CASE NO. **18-05636** (MCF)
CHAPTER 13

**OBJECTION TO CONFIRMATION OF PLAN DATED OCTOBER 16, 2018**

TO THE HONORABLE COURT:

Comes now Banco Popular PR- Special Loans, through its undersigned attorney and respectfully states and prays:

1. Debtors filed for relief under the Bankruptcy Code on September 28, 2018.

2. Banco Popular PR – Special Loans filed a secured claim in the amount of $188,391.93

[*See*, Claims Register, Proof of Claim No. 1]

3. The security for the claim consists of the following:

    a. First rank mortgage note in the amount of $132,000.00, guaranteed with residential property located at Candelaria Arriba Ward, Km. 87.5, San Humacao, PR. [Farm No. 21967-A]

4. The Chapter 13 plan dated October 16, 2018 provides for the payment in full of Banco Popular's claim, with funds from a Claim for Damages against Banco Popular. [See, Dkt. 11, Part 2, Section 2.4, and Part 3, Section 3.7]

5. That section 1325 of the Bankruptcy Code states in its pertinent part as follows:

    (a) Except as provided in subsection (b), the court shall confirm a plan if –

    (3) the plan has been proposed in good faith and not by any means forbidden by law – 11 U.S.C. § 1329(a)(3)

6. Banco Popular filed a money collection and foreclosure action against Debtor in State Court for their failure to make mortgage payments.  Debtors filed a counterclaim for emotional

distress and damages against Banco Popular for $1,250,000.00, due to the collection efforts made against them.

7. The filing of the bankruptcy petition effectively stayed the money collection and foreclosure action and allowed Debtors to continue with their counterclaim.

8. Together with the voluntary petition Debtors included some schedules, in which they disclosed the secured debt owed to Banco Popular that is guaranteed by their principal residence; no priority unsecured claims; and four unsecured non-priority debts from two creditors totaling $3,860.00.[1]

9. The claims bar dated was set for December 7, 2018, and Banco Popular is the only creditor who has filed a claim. [*See*, Claims Register, Proof of Claim No. 1]

10. Since Banco Popular is the only creditor, Debtors have no need for Bankruptcy relief and the filing serves no purpose other than to prolong the resolution of the dispute between Debtors and Banco Popular in the State Court case.

11. The automatic stay does not benefit Debtors since Banco Popular cannot foreclose their residence before the State Court judge adjudicates their counterclaim, and Debtor will not be able to fund the plan and pay Banco Popular in bankruptcy, if their counterclaim does not prevail.

12. It is Banco Popular's contention that the instant case was filed in bad-faith litigation tactic in a two-party dispute between Debtors and Banco Popular to forestall a money collections and foreclosure action initiated in State Court against Debtors for failure to make mortgage payments.

**WHEREFORE**, BPPR respectfully objects to the confirmation of Debtor's chapter 13 plan dated October 16, 2018 [Dkt. 11].

**I CERTIFY:** That *the preceding document has been electronically filed with the Clerk of the Court, using the CM/ECF System. Notice has been sent electronically to debtors' counsel,* **ROBERTO FIGUEROA CARRASQUILLO** cmecf@rfclawpr.com; Chapter 13 Trustee **JOSE**

---

[1] *See*, Voluntary petition, Dkt. 1. Schedule D, and Schedule E/F.

**RAMON        CARRION        MORALES**        newecfmail@ch13-pr.com;        UST,
ustpregion21.hr.ecf@usdoj.gov; and to all CM/ECF registered users.

In San Juan, Puerto Rico, this 7th day of February 2019.

**Banco Popular PR-Special Loans**
PO Box 362708
San Juan, P. R.  00936-2708
Tel. 787-764-3983
Fax  787-281-4140


/s/EDUARDO M. VERAY LOPEZ, ESQ.
USDC-PR 224407
eduardo.veray@popular.com