IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | CASE NO. 18-05636 MCF |
| | * | |
| LUIS ANGEL POGGI FUENTES | * | CHAPTER 13 |
| MIGDALIA MILIAN SANTIAGO | * | |
| | * | |
| | * | |
| DEBTORS | * | |

### DEBTORS' OBJECTION TO CLAIM NO. 1-1
### FILED BY BANCO POPULAR DE PUERTO RICO

TO THE HONORABLE COURT:

COME NOW, **LUIS ANGEL POGGI FUENTES and MIGDALIA MILIAN SANTIAGO**, the Debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. That Banco Popular de Puerto Rico-Special Loans Department ("BPPR"), filed proof of claim 1-1, as a secured creditor, claiming **the sum of $188,391.93**, in the above captioned case.

2. That BPPR's security stems from a commercial loan note in the sum of $192,000.00, issued to a Corporation named *L. Poggi Corp.*, and dated March 10, 2006. The above stated commercial loan note was allegedly guaranteed with a mortgage note issued by the Debtors in the sum of $132,000.00. This mortgage note was given as chattel mortgage ("prenda") to BPPR and the same encumbers the Debtors' residential real property located at Candelero Arriba Ward Humacao, Puerto Rico.

3. That BPPR's claim no. 1-1 is hereby objected on the following grounds:

   **A. Under State Law, BPPR cannot accumulate and collect more than five-years of interest against its surety**

   a. that BPPR's claim number 1-1 states that as of 09/28/2018, the loan's principal balance is $88,350.00 and that the loan has accrued

Page – 2-
Debtors' Objection to Claim 1-1 filed by BPPR
Case No. 18-05636 MCF13

    interest in the sum of $100,041.93, calculated at a *per diem* of $20.08;

b. that the sum of $100,041.93 claimed for interest is equivalent to 13.65 years of accrued interest ($100,041.93/20.08 *per diem* = 4,982.17 days/365 days per year = 13.65 years);

c. that under Article 1866(3) of the Puerto Rico Civil Code, 31 L.P.R.A. Section 5296, a "mortgage loan" creditor cannot collect against its surety a sum for interest which exceeds a five-year accrual period, *See*: *Campos v. Cia. Fomento Ind.*, 153 D.P.R. 137 (2001);

d. that the five-year period ("plazo quinquenal") provided for in Article 1866 (3) of the Puerto Rico Civil Code applies to BPPR's loan, thus, BPPR cannot collect the sum of $100,041.93 of accrued interest as part of its secured claim, and the same should be reduced, accordingly.

**B. That BPPR's loan was partially guaranteed with SBA, that BPPR claimed payment of SBA's guarantee and BPPR failed to apply the SBA guarantee's proceeds to the loan.**

e. that BPPR's claim is partially guaranteed by the Small Business Administration ("SBA");

f. that upon default, BPPR claimed the payment of said guarantee to SBA;

g. that SBA paid BPPR a sum to cover its guarantee;

h. that it appears that BPPR failed to apply to its claim's loan balance the amount received from SBA;

Page – 3-
Debtors' Objection to Claim 1-1 filed by BPPR
Case No. 18-05636 MCF13

    i. that upon application of the proceeds of SBA's payment to BPPR, the balance on BPPR's claim should be reduced, accordingly.

**WHEREFORE**, the Debtors respectfully request this motion be granted, and that the portion of BPPR's proof of claim **no. 1-1** for secured accrued interest be reduced applying the 5-year period ("plazo quinquenal") and that BPPR's claim balance also be reduced by the application of the proceeds received from SBA, in the above captioned case.

**NOTICE PURSUANT TO LOCAL RULE 3007-1 (c):** Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 900(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the may – in its discretion – schedule a hearing. Local Rule 3007-1 (c).

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of he Court using the CM/ECF filing system which will send notice of such to Jose Ramon Carrion Morales, Esq. Chapter 13 Trustee; Monsita Lecaroz Arribas, Esq., Assistant US Trustee; notice is being sent to Eduardo M. Veray Lopez, Esq. Counsel for Banco Popular de Puerto Rico-Special Loans via email: Eduardo.veray@popular.com; and via Certified U.S. Mail #7017 1070 0001 0598 0721 to Richard Carrion, President and CEO Banco Popular de Puerto Rico, PO Box 362708 San Juan PR 00936; also via Certified U.S. Mail #7017 1070

Page – 4-
Debtors' Objection to Claim 1-1 filed by BPPR
Case No. 18-05636 MCF13

0001 0598 0738 to Eduardo M. Veray Lopez, Esq., Banco Popular de PR Special Loans, PO Box 362708 San Juan PR 00936; and via regular U.S. Mail to the Debtors Luis Angel Poggi Fuentes and Migdalia Milian Santiago PO Box 116 Yabucoa PR 00767.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 21st day of February, 2019.

/s/Roberto Figueroa Carrasquillo
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR the DEBTORS
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 FAX NO 787-746-5294
Email: rfigueroa@rfclawpr.com