IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>**LUIS ANGEL POGGI FUENTES &<br>MIGDALIA MILIAN SANTIAGO**<br>Debtor(s) | CASE NO. **18-05636** (MCF)<br>CHAPTER 13 |

**OBJECTION TO CONFIRMATION OF PLAN DATED AUGUST 19, 2019**

TO THE HONORABLE COURT:

Comes now Banco Popular PR- Special Loans, through its undersigned attorney and respectfully states and prays:

1. Debtors filed for relief under the Bankruptcy Code on September 28, 2018.

2. Banco Popular PR – Special Loans filed a secured claim in the amount of $188,391.93 [*See*, Claims Register, Proof of Claim No. 1]

3. The security for the claim consists of the following:

   a. First rank mortgage note in the amount of $132,000.00, guaranteed with residential property located at Candelaria Arriba Ward, Km. 87.5, San Humacao, PR. [Farm No. 21967-A]

4. The Chapter 13 plan dated August 19, 2019 provides for the partial payment of Banco Popular's claim, limiting the amount to $88,350, to be paid from Debtors' disposable income. The plan also states that "[t]he Debtors' Objection to Claim filed by Banco Popular de PR (POC #1-1), Docket No. 31 and BPPR's Reply to said objection (Docket No. 34), are pending resolution by the Court; the Debtor's proposed amended Chapter 13 Plan (Dated 08/19/2019) is sufficiently funded to pay BPPR's claim 1 as filed, notwithstanding the outcome of the aforementioned contested matter.)" [*See*, Dkt. 47, Part 3, Section 3.7, and Part 8, Section 8.4]

5. That section 1325 of the Bankruptcy Code states in its pertinent part as follows:

   (a) Except as provided in subsection (b), the court shall confirm a plan

>	if –
>
>	(7) the action of the debtor in filing the petition was in good faith.
>	11 U.S.C. § 1325(a)(7)

6. Banco Popular filed a money collection and foreclosure action against Debtors in State Court for their failure to make mortgage payments. Debtors filed a counterclaim for emotional distress and damages against Banco Popular for $1,250,000.00, due to the collection efforts made against them.

7. The filing of the bankruptcy petition effectively stayed the money collection and foreclosure action and allowed Debtors to continue with their counterclaim.

8. Together with the voluntary petition Debtors included some schedules, in which they disclosed the secured debt owed to Banco Popular that is guaranteed by their principal residence; no priority unsecured claims; and four unsecured non-priority debts from two creditors totaling $3,860.00.[1]

9. Only two creditors filed claims, Banco Popular and the U.S. Department of Education with an unsecured claim for $921.91. [*See*, Claims Register, Proofs of Claim No. 1 & 2]

10. When the case was filed, the automatic stay did not benefited Debtors since Banco Popular could not foreclose their residence before the State Court judge adjudicated their counterclaim, and Debtors would not be able to fund the plan and pay Banco Popular in bankruptcy, if their counterclaim did not prevail.[2]

11. It is Banco Popular's contention that the instant case was filed in bad-faith as a litigation tactic in a two-party dispute between Debtors and Banco Popular to forestall a money collections

---

[1] *See*, Voluntary petition, Dkt. 1. Schedule D, and Schedule E/F.
[2] Initially the only source of income was the social security benefits received by Luis Poggi [*See*, Dkt.12, Schedule I] and the plan was being "funded" exclusively with Debtors' counterclaim against Banco Popular [*See*, Dkt. 11, Plan dated October 16, 2018]

and foreclosure action initiated in State Court against Debtors for failure to make mortgage payments, and to force Banco Popular to incur in additional litigation expenses.

12. Debtors must also comply with the feasibility requirement of section 1325 (a)(6) by demonstrating their ability to make all the payments proposed in the plan.

13. Coincidentally, Joint Debtor was employed close to a month before the State Court entered a final judgment finding that Debtors did not have a valid claim against Banco Popular.

14. Debtors amended their schedules I and J [Dkt. 43] to reflect the new income and expenses, and the plan was amended [Dkt. 47] to delete the lump sum payment from the counterclaim and to include Debtors' new disposable income.

15. Debtors' current scheduled monthly income is $12,944.73, which leaves a disposable income of $1,974.00 after expenses.

16. The plan also provides for a step-up payment, which increases to disposable income to $5,446.00 from an increase in Joint Debtor's income, to provide a plan base of $222,080.00.

17. Debtors' must show their ability to make the current monthly plan payments, and joint debtor must show evidence of being able to substantially increase her disposable income or compensation, just within 16 months from being employed.

**WHEREFORE**, BPPR respectfully objects to the confirmation of Debtors' chapter 13 plan dated August 19, 2019 [Dkt. 47].

**I CERTIFY:** That *the preceding document has been electronically filed with the Clerk of the Court, using the CM/ECF System. Notice has been sent electronically to debtors' counsel,* **ROBERTO FIGUEROA CARRASQUILLO** cmecf@rfclawpr.com; Chapter 13 Trustee **JOSE RAMON CARRION MORALES** newecfmail@ch13-pr.com; UST, ustpregion21.hr.ecf@usdoj.gov; and to all CM/ECF registered users.

In San Juan, Puerto Rico, this 27th day of August 2019.

**Banco Popular PR-Special Loans**
PO Box 362708
San Juan, P. R. 00936-2708
Tel. 787-764-3983
Fax 787-281-4140

/s/EDUARDO M. VERAY LOPEZ, ESQ.
USDC-PR 224407
eduardo.veray@popular.com