IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 18-05636 MCF |
| POGGI FUENTES, LUIS ANGEL | * | CHAPTER 13 |
| xxx-xx-7621 | | |
| MILIAN SANTIAGO, MIGDALIA | * | |
| xxx-xx-3400 | | |
| | * | |

DEBTORS _____

## DEBTORS' MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN UNDER THE CARES ACT 11 USC §1329(d)

**TO THE HONORABLE COURT:**

**COME NOW, LUIS ANGEL POGGI FUENTES and MIGDALIA MILIAN SANTIAGO**, the Debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The Debtors are hereby submitting a post-confirmation modification of Chapter 13 Plan, under the CARES Act, 11 USC Section 1329(d), dated February 16, 2021, herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 2, Section 2.1, in order to provide for a payment period that extends the original 60-months provided for in the Debtors' confirmed Plan, this Plan modification extends the payment period up to 84-months, and to provide for a "lump sum" additional payment from the sales of the Debtors' residential real property, in the above captioned case.**

3. The Joint-Debtor, Migdalia Milian Santiago, was employed at Pharma/BioTech/Med and as a result of the COVID-19 pandemic/lockdown, the Joint-Debtor was terminated from her employment.

Page -2-
**Post Confirmation Modification**
**Under 11 USC 1329(d)**
**Case No. 18-05636 MCF13**

4. As a consequence of the aforementioned situation, the Debtors had to relocate back to Puerto Rico (they were residing in the State of North Carolina, USA) and the Joint-Debtor is actually unemployed and looking for work. Thus, the Debtors were unable to pay the December/2020 monthly confirmed Plan payment of $5,446.00 and thereon.

5. The Coronavirus Aid, Relief and Economic Security Act (CARES Act) Pub. L. 116-136, enacted on March 27, 2020, added a new paragraph (d) to 11 U.S.C. Section 1329, and provides as follows:

"(d)(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon request of the debtor if –
  (A)    the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and
  (B)    the modification is approved after notice and hearing.
 (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.
 (3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1)." 11 U.S.C. Section 1329(d).

**6**. In the present case, the Debtors meet the requirements of Section 1329(d) as follows:

---the Debtors have a confirmed Plan prior to the date of enactment of Section 1329(d); on November 05, 2019, the Court confirmed (Docket No. 59) the Debtors' proposed *Amended Chapter 13 Plan* dated 10/30/2019, Docket No. 57;

---the Debtors are experiencing a material financial hardship due, directly or indirectly, to the COVID-19 pandemic lockdown; due to the pandemic/lockdown, the Joint-Debtor lost her employment;

Page -3-
**Post Confirmation Modification**
**Under 11 USC 1329(d)**
**Case no. 18-05636 MCF13**

---the Debtors' proposed modified Plan of 02/16/2021, provides for an extension of plan payments from the original 60 months-plan to a 84 months-plan, thus, the same does not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

**WHEREFORE,** the Debtors respectfully request from this Honorable Court to approve the Debtors' proposed modified Plan dated 02/16/2021, as herein submitted.

## NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

**Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list (CM/ECF non-participants), hereby attached.

Page -4-
**Post Confirmation Modification**
**Under 11 USC 1329(d)**
**Case no. 18-05636 MCF13**

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 16th day of

February, 2021.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTORS
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
FAX 787-746-5294
Email: rfc@rfigueroalaw.com

## UNITED STATES BANKRUPTCY COURT
### District of Puerto Rico, San Juan Division

| | |
|---|---|
| In Re<br>**POGGI FUENTES, LUIS ANGEL & MILIAN SANTIAGO, MIGDALIA** | Case No: **3:18-bk-5636 MCF**<br><br>Chapter 13 |
| XXX-XX-**7621** | **[ ]** Check if this is a pre-confirmation amended plan. |
| XXX-XX-**3400** | **[X]** Check if this is a post confirmation amended plan |
| **Puerto Rico Local Form G** | Proposed by:<br>**[X]** Debtor(s)<br>**[ ]** Trustee<br>**[ ]** Unsecured creditor(s) |
| **Chapter 13 Plan dated** <u>02/16/2021</u> | **[X]** If this is an amended plan, list below the sections of the plan that have been changed.<br><br>**2.1; 2.4; 4.3** |

## PART 1 Notices

**To Debtors:**          **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim : (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 173.00 | 8 | 1,384.00 | |
| 1,974.00 | 18 | 35,532.00 | Step-up from Joint Debtor's new income (06/2019) |
| 173.00 | 8 | 1,384.00 | Step-down due to Joint Debtor's unemployment. |
| 573.00 | 50 | 28,650.00 | Step-up from Debtor's future employment. |
| | | | Plus $155,700.00 additional payment from sales of Debtors' real property on or before month 84 of the Plan. |
| Subtotals | 84 | 222,080.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

[X] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
  **At month 9th of the Plan: payment increase (step-up) is based on new income for Joint Debtor;**
  **At month 27th of the Plan: payment reduction is based on the Joint-Debtor's unemployment/loss of job due to COVID-19;**
  **At month 35 of the Plan: payment increase (step-up) is based on an expected salary from future employment for the Joint Debtor;**
  **On or before month 84 of the Plan: the Debtors propose to sell their residential real property and its proceeds to be used to fund the Plan.**

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[X] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
**[X] None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**[X]** The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| **WestGate Resorts** | **Time Share Resort (Westgate Vacation Villas)** |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
[ ] Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| **None** | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

**[X]** Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term *(Months)* | Modified P&I | Property taxes *(Escrow)* | Property insurance *(Escrow)* | Total monthly payment | Estimated total PMTS by trustee |
|---|---|---|---|---|---|---|---|---|---|
| **Banco Popular de PR** | **Claim 1-1** | **188,391.93** [X] To be paid in full 100% | | | | | | Starting on Plan Month _ | |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

**[X] Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan

confirmation, according to LBR 2016-1(f).

**OR**

[ ]  **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed
application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ <u>**1,000.00**</u> |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ <u>**2,000.00**</u> |
| If this is a post-confirmation amended plan, estimated attorney 's fees: | $  <u>**500.00**</u> |

4.4  **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5  **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6  **Post confirmation property insurance coverage**

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked,
the option providing the largest payment will be effective.

*Check all that apply.*

[ ]  The sum of $ _____.

[X]  <u>**100.00% Plus 4.25% interest**</u> of the total amount of these claims, an estimated payment of $  <u>**922.00**</u>.

[ ]  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ]  If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____
.

5.2  **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3  **Other separately classified nonpriority unsecured claims.**

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory
contracts and unexpired leases are rejected.

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1    Check "None" or list the nonstandard plan provisions**

**[ ] None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This section modifies LBF-G, Part 3, Section 3.7: Other secured claims modifications:**

For confirmation purposes only, the Debtors are withdrawing their' Objection to Claim 1-1 filed by Banco Popular de PR, Docket No. 31, without prejudice; the Debtors do not waive any right or defense against BPPR concerning claim no. 1-1.

**8.5 This Provision Supplements Part 5.1 : General Unsecured Payment:**
Debtors will pay GENERAL UNSECURED in full (100% + 4.25% interest per annum) under Chapter 13 Plan, as per current Liquidation Value and in compliance with the best interest of creditors test.

*Insert additional lines as needed.*

## PART 9: Signature(s)

_/s/Roberto Figueroa-Carrasquillo_

Date February 16, 2021

Signature of attorney of Debtor(s)
Roberto Figueroa-Carrasquillo/RFigueroa-Carrasquillo Law Office PSC

Date February 16, 2021.

/s/Luis Angel Poggi Fuentes

LUIS ANGEL POGGI FUENTES

/s/Migdalia Milian Santiago

Date February 16, 2021.

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise
optional) MIGDALIA MILIAN SANTIAGO

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also
certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local
Form G (LBF-G), other than any nonstandard provisions included in Part 8.

Label Matrix for local noticing
0104-3
Case 18-05636-MCF13
District of Puerto Rico
Old San Juan
Tue Feb 16 12:43:17 AST 2021

BANCO POPULAR PR - SPECIAL LOANS
PO BOX 362708
SAN JUAN, PR 00936-2708

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

Alejandro Bellver Espinosa Esq.
Bufete Bellver Espinosa Cond El Centro
500 Ave Munoz Rivera Ste 801
San Juan, PR  00918-3331

Banco Popular de Puerto Rico
PO Box 362708
San Juan, PR  00936-2708

Banco Popular de Puerto Rico
PO Box 71375
San Juan, PR  00936-8475

Banco Popular de Puerto Rico  Special Loans
Special Loans Department (749)
PO Box 362708, San Juan, PR 00936-2708

Fedloan
PO Box 60610
Harrisburg, PA  17106-0610

Sears/Cbna
PO Box 6189
Sioux Falls, SD  57117-6189

U.S. Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

WESTGATE RESORTS
CFI RESORTS MANAGEMENT INC
2801 OLD WINTER GARDEN RD
OCOEE FL 34761-2965

JOSE RAMON CARRION MORALES
PO BOX 9023884
SAN JUAN, PR 00902-3884

LUIS ANGEL POGGI FUENTES
PO BOX 116
YABUCOA, PR 00767-0116

MIGDALIA MILIAN SANTIAGO
PO BOX 116
YABUCOA, PR 00767-0116

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

End of Label Matrix
Mailable recipients    15
Bypassed recipients     0
Total                  15