IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>**LUIS ANGEL POGGI FUENTES &**<br>**MIGDALIA MILIAN SANTIAGO**<br>Debtor(s) | CASE NO. **18-05636** (MCF)<br>CHAPTER 13 |

## Objection to Post Confirmation Modification of Chapter 13 Plan dated May 17, 2021

TO THE HONORABLE COURT:

Come now Banco Popular de Puerto Rico through its undersigned attorney and respectfully states and prays:

### INTRODUCTION

1. Debtor filed for relief under the Bankruptcy Code on September 28, 2018.

2. Banco Popular – Special Loans filed a secured claim in the amount of $188,391.93 [*See*, Claims Register, Proof of Claim No. 1]

3. The collateral for the secured claim consists of the following:

   a. First rank mortgage note in the amount of $132,000.00, guaranteed with residential property located at Candelaria Arriba Ward, Km. 87.5, San Humacao, PR. [Farm No. 21967-A]

4. The Confirmed Plan dated October 30, 2019 provides that the Trustee will pay in full the secured claim filed by Banco Popular. [*See*, Docket No. 57, Part 3.7]

5. The plan was funded exclusively by Debtors' disposable income. [*See*, Docket No. 57, Part 2]

6. On May 17, 2021, Debtors filed a post confirmation modification of the chapter 13 plan [Dkt.80]. It is not entirely clear if the commitment period has been reduced to 32 months or it was filed to extend the original 60-month commitment period up to 84- months, like the previous motion for post-confirmation modification of the plan [Dkt.65].

7. The confusion comes from the plan's provision to make plan payments to the trustee in periods that add to 32 months, however the subtotal indicates 84 months. [*See*, Motion for Post Confirmation Modification of Plan, Dkt. 80, Part 2.1]

## APPLICABLE LAW

8. 11 U.S.C.S. § 1329(a) provides in part that at any time after confirmation of a plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan. Section 1329(b)(1) provides that any such post-confirmation modification shall comply with 11 U.S.C.S. §§ 1322(a), 1322(b), 1323(c) and 1325(a). Modification of a confirmed Chapter 13 plan is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly. In re Watson, 2009 BNH 28 (Bankr. D.N.H. 2009)

9. A proposed modification under 11 U.S.C.S. § 1329(a) involves a two-part analysis: first, the plan proponent must show a legitimate reason for modification under 11 U.S.C.S. § 1329; and second, the proposed plan must conform with the other provisions of the Bankruptcy Code. In re Trumbas, 245 B.R. 764 (Bankr. D. Mass. 2000)

10. That section 1325 of the Bankruptcy Code states in its pertinent part as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if –
>
> (6) the debtor will be able to make all payments under the plan and to comply with the plan – 11 U.S.C. § 1325(a)(6)

## DISCUSSION

12 If the proposed plan has a commitment period of 32 months and debtors are going to fund the plan with their retirement savings to pay Banco Popular's secured claim in full, then Banco Popular does not object to the plan.

13  It is worth noticing that the 32nd month of the plan is May, 2021. If Debtors do not make the proposed payment of $175,481.00 by the end of the month, they would be in default with the terms of the proposed plan.

14  If the commitment period is being extended from the original 60-month commitment period up to 84- months, like the previous motion for post-confirmation modification of the plan [Dkt.65], the Banco Popular objects for the same reasons as stated in its previous objection [Dkt.73]

## CONCLUSION

15  Banco Popular objects to the confirmation, if the commitment period is being extended instead of reduced.

**WHEREFORE**, Banco Popular respectfully objects to debtors' post confirmation modification of the chapter 13 plan dated May 17, 2021[Dkt. 80].

**I CERTIFY:** That *the preceding document has been electronically filed with the Clerk of the Court, using the CM/ECF System. Notice has been sent electronically to debtors' counsel,* **ROBERTO FIGUEROA CARRASQUILLO** cmecf@rfclawpr.com; Chapter 13 Trustee **JOSE RAMON CARRION MORALES** newecfmail@ch13-pr.com; UST, ustpregion21.hr.ecf@usdoj.gov; and to all CM/ECF registered users.

In San Juan, Puerto Rico, this 25th day of May 2021.

**Banco Popular PR-Special Loans**
PO Box 362708
San Juan, P. R.  00936-2708
Tel. 787-764-3983
Fax  787-281-4140

/s/EDUARDO M. VERAY LOPEZ, ESQ.
USDC-PR 224407
eduardo.veray@popular.com